UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEREE MILLER, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | NO. 3:16-0808 |
| ) | JUDGE CRENSHAW |
| TENNESSEE DEPARTMENT OF ) | |
| CORRECTION, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

## M E M O R A N D U M

Plaintiff, proceeding *pro se*, is an inmate at the Mark Luttrell Correctional Center in Memphis. She brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction; the Tennessee Prison for Women (TPW); Pat Ryan, an Associate Warden at TPW; and three members of the Warden's staff, seeking injunctive relief and damages.

Prior to arriving at her present place of confinement, the Plaintiff was an inmate at the Tennessee Prison for Women. On August 16, 2015, another inmate at TPW "pulled a fire extinguisher off the wall and discharged it under my door." The fumes made the Plaintiff ill, elevating her blood pressure and causing her to vomit blood. Plaintiff received timely medical care and was transferred to another housing unit. She now claims that the defendants failed in their duty to protect her.

To establish a claim for § 1983 relief, Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived her of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The defendants have a constitutional duty to protect the Plaintiff from the harmful conduct

of fellow inmates. Ingraham v. Wright, 430 U.S. 651 (1987)(Fourteenth Amendment); Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982)(Eighth Amendment). Thus, a constitutional violation occurs when a prison official has been deliberately indifferent to the Plaintiff's risk of injury. McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Cir.1988).

Plaintiff's allegations do not rise to the level of deliberate indifference. She was not in the same cell with the offending inmate, Plaintiff received medical care for her injuries, and she was moved to another housing unit to insure her safety. At best, therefore, the Plaintiff has alleged a claim based upon defendants' negligence.

Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97 S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the Plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the Plaintiff is unable to prove every element of her cause of action. Therefore, the Plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE